# Supreme Court of Texas

No. 25-0074

Executive Workspace–ABC–Preston Road, LLC a/k/a Executive Workspace–Preston Road, LLC; Executive Workspace, LLC; Executive Workspace–Preston Trail, LLC; Executive Workspace–Hillcrest, LLC; Executive Workspace–ABC–Tollway, LLC; and Executive Workspace–Frisco Station, LLC,

*Petitioners*,

v.

Reserve Capital–Preston Grove SPE, LLC,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

Statement of JUSTICE YOUNG respecting the denial of the motion for rehearing.

This Court has had fewer opportunities to authoritatively construe the Texas Uniform Fraudulent Transfer Act than one might expect. By my count, only eleven of our opinions even mention that important statute, which is commonly called "TUFTA" and is codified as Chapter 24 of the Business and Commerce Code. By contrast, the Fifth Circuit has resolved

scores of TUFTA cases, and about twenty since we last did so in 2019. Unsurprisingly, when this Court has substantively addressed TUFTA, it has often been by way of certified questions from the Fifth Circuit. *See, e.g.*, *Janvey v. GMAG, LLC*, 592 S.W.3d 125 (Tex. 2019); *Janvey v. Golf Channel, Inc.*, 487 S.W.3d 560 (Tex. 2016).

Given that this *state* law seems to arise so much more often in *federal* court, it is understandable that the Fifth Circuit sometimes finds it beneficial to solicit authoritative guidance rather than to continually make *Erie* guesses that may turn out to be wrong. The lack of more frequent TUFTA precedents from this Court has often left lower state courts and federal courts applying Texas law to chart their own course.

This case underscores just how overdue our guidance in construing TUFTA has become. The court of appeals below, in resolving the questions presented, largely relied on federal *Erie* guesses and a patchwork of Texas court-of-appeals decisions. And the litigants in this Court were left to rely on decisions from courts across the country to make their arguments.

On the other hand, despite the seven-year gap, it is reasonable to expect the Court to adhere to its usual practice of granting review only if doing so will advance the ball not just for a particular case but for the State's jurisprudence as a whole. I do not suggest that taking this case could offer nothing for the larger TUFTA jurisprudence. But because it arises from a distinctive and highly fact-intensive record, this case may not generate much broadly applicable guidance even if we address the issue it presents: whether the termination of a contractual right to future payments may constitute the fraudulent "transfer" of an "asset" under TUFTA. This case is therefore less than an ideal vehicle for us to resolve the statutory

2

questions presented, and so it is perhaps not surprising that the Court denied this petition and now elects not to grant the motion for rehearing.

TUFTA cases that will be of clear jurisprudential import do exist, of course. I hope that litigants will bring them to this Court to help us develop this area of law, which is unquestionably important to our State's jurisprudence. When they do, I also hope and expect the Court to be quite receptive to granting review.

Evan A. Young
Justice

**OPINION FILED:** April 10, 2026